UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Master File No. 15-2599
MDL No. 15-2599

IN RE: TAKATA AIRBAG PRODUCTS   )
LIABILITY LITIGATION            )

_____

THIS DOCUMENT RELATES TO ALL    )
ACTIONS                         )

## SPECIAL MASTER'S REPORT AND RECOMMENDATION
## REGARDING DISPUTED PROVISIONS OF PROPOSED PROTECTIVE ORDER

This matter came before the Special Master to address a dispute regarding certain provisions of a protective order that will govern the use of confidential materials in this matter. Following extensive negotiations and conferences with the Special Master, the parties have reached an agreement as to a number of issues. One issue, however, remains in dispute, and the undersigned issues the following report and recommendation.

Background

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court appointed the undersigned to serve as Special Master to attempt, among other things, to resolve informally any discovery disputes, including those pertaining to confidentiality. [ECF No. 453] The Court instructed that if unable to resolve an issue, the Special Master is to issue a report and recommendation to the Court on any pending discovery dispute.

On July 10, 2015, the parties first submitted memoranda concerning a proposed protective order. The parties agreed on many elements, such as using a two tiered approach to confidentiality ("Confidential" and "Highly Confidential"), they agree on the definitions of "Confidential" and "Highly Confidential," and the majority of individuals entitled to view such

2

designated documents and on which terms. They disagreed initially, however, on two important issues: (a) access of current and former employees to Confidential information under paragraph 12(g) of the proposed protective order and (b) access of current and former employees to Highly Confidential information under paragraph 13.

As to the first issue, Defendants initially sought to limit access to Confidential information to those current and former employees who are "reasonably believed to have knowledge of the matters in the covered information." Defendants proposed that the "reasonable belief" requirement would ensure an appropriate level of protection, while still allowing Plaintiffs to use the information. Plaintiffs, on the other hand, maintained that the "reasonable belief" requirement would "severely hamstring Plaintiffs' counsel in prosecuting the case" by preventing them from using the information in interviews and depositions. Plaintiffs argued they might not be able to establish a "reasonable belief" without first questioning witnesses about confidential documents.

As to the second issue, to prevent inappropriate disclosure, Defendants sought to limit Highly Confidential information to current and former employees who are authors or recipients of such information. Plaintiffs, on the other hand, proposed expanding the group permitted to receive Highly Confidential materials to include current or former employees of the party producing or receiving the Highly Confidential material, provided former employees signed an acknowledgment of the protective order.

The parties appeared at a telephonic hearing with the Special Master on July 14, 2015 to address these issues. The parties argued their respective positions and the undersigned made suggestions about the proposals advanced and how the parties might overcome their disagreement on provisions through a further meet and confer session.

Following the hearing, on July 17, 2015, the parties submitted to the undersigned revised positions and both provided amended proposals.  The parties were in near agreement as to the content of paragraph 12(g), involving Confidential Information, but they disagreed about the wording of one phrase of the paragraph.  Defendants had relented on requiring that Plaintiffs have a "reasonable belief" before utilizing such confidential documents in an interview or deposition for current or former employees and also conceded that the documents could be shown to a person "mentioned, discussed, or referred to" in the covered material.  Plaintiffs were largely satisfied with the Defense's concession, but requested that they be able to utilize the covered information with a person "mentioned, discussed or referred to, <u>directly or indirectly</u>." (emphasis added).  In a follow-up telephone conference with counsel for the parties, the undersigned and the parties explored whether the addition "directly or indirectly" added to the universe of those that would be able to see the Confidential Information.  As it was not readily apparent that individuals not otherwise covered by the provisions in paragraph 12 would be covered by Plaintiffs' addition, Plaintiffs agreed to remove that phrase.  Thus, the parties reached agreement on the proposed language in paragraph 12; the remaining dispute concerned paragraph 13 and the use of Highly Confidential material.

<u>Disputed Restrictions in Paragraph 13</u>

As reflected in their July 17th submissions, Plaintiffs sought to share Highly Confidential material with:

> ii) Any person who (1) authored or is listed as a recipient of the COVERED INFORMATION sought to be disclosed to that person, or (2) is or was a custodian of the document or material; and

> iii) Any person who does not fall within either (i) or (ii) above, but who (1) is or was an employee of the party producing the COVERED INFORMATION, or (2) is or was an employee of the corporate recipient of the COVERED INFORMATION; and who, if a former employee of the producing party or corporate recipient, is mentioned, discussed, or referred

4

> to, directly or indirectly, in the COVERED INFORMATION, or counsel in good faith believes has knowledge of the matters contained in the COVERED INFORMATION, and has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

Defendants, on the other hand, proposed limiting disclosure in paragraph 13 to:

> ii) Any person who (1) authored, is listed as a recipient of, or is referred to in the COVERED INFORMATION sought to be disclosed to that person; or (2) is or was a custodian of the document or material;  and (3) who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

During the July 17 post-submission telephone conference, the parties and the undersigned discussed that the Defendants' limitations would not permit Plaintiffs to share Highly Confidential material with those who were mentioned or discussed in the covered materials and would not allow Plaintiffs to question a witness on materials where, in good faith, the witness is believed to have knowledge of the covered materials.  Defendants expressed a concern that the good faith belief that the witness had knowledge of the covered materials could swallow the rule and the Defendants would have no ability to protect themselves during interviews where the Defendant who designated such information as Highly Confidential presumably would not be present. The parties recognized that in depositions, however, the Defendant could take steps to preserve its rights.

Though the parties were not fully in accord, the issue had been further sharpened, and the undersigned invited the Defendants to submit an additional proposal.  The Defendants submitted in pertinent part the following language for paragraph 13:

> 13.     Persons Authorized to Receive HIGHLY CONFIDENTIAL Material: HIGHLY CONFIDENTIAL Material or their contents may be disclosed only to the persons described in paragraph 12(b)-(f), (i)-(k) and:
>
> i) Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

5

> ii) Any person who (1) (a) authored, is listed a recipient of, or is mentioned, discussed, or referred to in the Covered Information; (b) is or was a custodian of the document or material; and (2) who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.
>
> Notwithstanding the foregoing, counsel may disclose Highly Confidential Material while on the record in a deposition taken in the MDL Action to a witness provided: (i) counsel in good faith believes the witness has specific knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have specific knowledge); and (ii) counsel is able to first lay a foundation during the deposition that the witness has such knowledge of the matter contained in the Highly Confidential Material.
>
> The witness shall sign the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A before the material is disclosed. If a dispute arises regarding whether an adequate foundation has been established that the witness has such knowledge of the matters contained in the Highly Confidential Material, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Highly Confidential Material shall not be disclosed to the witness until such time that the Special Master can resolve the dispute.

Plaintiffs responded to this proposal by suggesting revisions to the paragraph beginning "Notwithstanding" (accepting the other language in Defendants proposal) as follows:

> Notwithstanding the foregoing, counsel may disclose Highly Confidential Material while on the record in a deposition taken in the MDL Action to a witness provided: (i) the witness is a current or former employee of the producing party or corporate recipient of the Covered Information, or counsel in good faith believes the witness has knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge); and (ii) counsel in good faith deems it necessary for the prosecution or defense of the MDL Action to show the Covered Information to the witness.

Plaintiffs accepted Defendants' process for meeting and conferring during the deposition and bringing disputes to the undersigned.

The undersigned, however, anticipates that the procedure laid out by Defendants and consented to by Plaintiffs for resolving disputes at a deposition has the potential to cause regular

delays of depositions. The undersigned, therefore, presented an alternative procedure to the parties at a telephonic hearing and via email on July 30, 2015. The proposed process would require advance notice of those documents that are designated as "Highly Confidential" but do not fall within the categories of what that witness otherwise would be permitted to view. This would promote the orderly advanced resolution of issues to avoid interruption of depositions and the attendant delays that would necessarily impact the deponent as well as counsel. After reviewing the process proposed by the undersigned, Plaintiffs indicated that providing documents in advance would prejudice them and preferred either removing the remaining disputed paragraph entirely with a right to revisit at a later time or to keep the proposal advanced by Defendants that would leave things to be addressed at the time of the deposition. The undersigned believes that resolution of the issues in the near term is preferable and therefore submits this report and recommendation.

Standard for Entering Protective Orders

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The rule specifically provides that courts may, for good cause, issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts evaluating the grounds for a protective order should balance the interests of the party seeking the protective order against the interests of the opposing party. *McCarthy v. Barnett Bank of Polk City*, 876 F.2d 89, 91 (11th Cir. 1989); *see also Corcel Corp. v. Ferguson Enterprises, Inc.*, 291 F.R.D. 680, 681 (S.D. Fla. 2013) (determining that good cause existed to issue protective order where party demonstrated it would likely suffer economic harm if

documents involving trade secrets or commercial information entered the public realm). See Shira A. Scheindlin & Jonathan M. Redgrave, Mastering Rule 53: The Evolution and Impact of the New Federal Rule Governing Special Masters, 51 Federal Lawyer 34 (Feb. 2004) (noting the benefits of appointing masters to oversee the discovery process).

### Recommendation

This case involves multiple defendants that are competitors who must protect their Highly Confidential material from each other (in addition to others). In such cases, courts regularly impose restrictions on Highly Confidential materials. *See, e.g.*, Stipulation and Order Concerning Confidentiality of Documents and Materials, *In re: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, Case no. 3:03 MD 1542 (D. Conn. Dec. 8, 2003) (ECF No. 37) (requiring advance disclosure of intent to share highly confidential material with testifying competitors, among other restrictions); Master Protective Order, *In re New Motor Vehicles Canadian Export Antitrust Litigation*, MDL Docket No. 03-MD-1532 (D. Maine Aug. 11, 2004) (ECF No. 146) (providing, among other things, that highly confidential information can be shared with deponents and other witnesses provided that counsel for the party intending to disclose the material has a good faith basis for believing that the material is relevant to specific events, transactions, discussions, communications or data about which the deponent or witness is expected to testify). Strong protection of Highly Confidential material which, if revealed, can cause irreparable harm, coupled with a process that permits its use in a controlled setting where parties are able to protect their interests under the jurisdiction of this Court strikes the correct balance.

Having reviewed the parties' submissions and having heard and considered the parties' positions, the Special Master recommends that the Court adopt the following language for the disputed paragraph 13:

> 13. Persons Authorized to Receive HIGHLY CONFIDENTIAL Material: HIGHLY CONFIDENTIAL Material or their contents may be disclosed only to the persons described in paragraph 12(b)-(f), (i)-(k) and:
>
> i) Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or
>
> ii) Any person who (1) (a) authored, is listed a recipient of, or is mentioned, discussed, or referred to in the Covered Information; or (b) is or was a custodian of the document or material; and (2) who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.
>
> Notwithstanding the foregoing, counsel may disclose Highly Confidential Material while on the record in a deposition taken in the MDL Action to a witness provided: (i) counsel in good faith believes the witness has knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge); and (ii) counsel in good faith deems it necessary for the prosecution or defense of the MDL Action to show the Covered Information to the witness.  The witness shall sign the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A before the material is disclosed.  If a dispute arises regarding whether it is necessary for the prosecution or defense of the MDL Action to show the Highly Confidential Material to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the Highly Confidential Material shall not be disclosed to the witness until such time that the Special Master can resolve the dispute.

The Special Master believes that neither side's position is unreasonable but instead is reflective of competing interests.  The modifications to the competing proposals by the undersigned regarding the disclosure at deposition of Highly Confidential Material to a witness that otherwise would not have been permitted to view the information will require a good faith belief by counsel that the witness has knowledge of the material and it is necessary for the

9

prosecution or defense of the MDL Action before disclosure of the Covered Material. Manual for Complex Litigation (4th) § 40.27. Restrictions requiring "specific" knowledge or parsing whether a sufficient predicate has been laid during the deposition offer scant additional protection since designating counsel would be present—or have the opportunity to be present—at the deposition to defend his or her client's interests. Similarly, if counsel cannot formulate a good faith belief that the witness has knowledge of the Covered Information and/or counsel does not have a belief that showing the Covered Information to the witness is necessary for the prosecution or defense of the MDL Action, there is little to be gained from Plaintiffs' request to show the Covered Information to a witness simply because he or she is a current or former employee of the party that designated the material as Highly Confidential. The undersigned finds the requisite good cause exists for entry of a protective order containing the above recommended language, which on balance, should provide the appropriate level of protection for material designated Highly Confidential.

The Special Master notes that there is here—as there always is in cases with protective orders—a risk of over-designation of documents as Confidential or Highly Confidential. Further, leaving disputes over Highly Confidential material to the day of a deposition rather than seeking to resolves issues prior may result in depositions being delayed or adjourned while disputes are presented to the undersigned. This latter risk is one that Plaintiffs have plainly considered and accepted by indicating their objection to the undersigned's proposal.

For the foregoing reasons, the Special Mater recommends entry of the proposed stipulated protective order with the language proposed by Defendants.

PURSUANT TO THE COURT'S ORDER OF APPOINTMENT OF SPECIAL MASTER [ECF NO. 453], OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND

RECOMMENDATION MUST BE FILED WITHIN 5 DAYS OF THE FILING OF THE REPORT, WITH A RESPONSE DUE BY OPPOSING COUNSEL WITHIN 5 DAYS OF THE FILING OF THE OBJECTIONS.

                    Respectfully submitted,

                    /s/ John Delionado
                    John J. Delionado, Esq.
                    Special Master
                    Florida Bar No. 0499900
                    *jdelionado@hunton.com*
                    HUNTON & WILLIAMS LLP
                    1111 Brickell Avenue
                    Suite 2500
                    Miami, FL  33131
                    Tel:  (305)536-2752
                    Fax:  (305) 810-1678

Copies provided:
Counsel of record