UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No. 15-2599-MD-MORENO
14-24009-CV-MORENO

IN RE:

**TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION**

_____

THIS DOCUMENT RELATES TO ALL
ECONOMIC LOSS TRACK CASES
_____/

## ORDER DENYING IN PART MOTIONS TO DISMISS BY DEFENDANTS TAKATA CORPORATION, TK HOLDINGS INC. AND HONDA

This multidistrict litigation ("MDL") consolidates allegations of economic loss and personal injury related to airbags manufactured by defendants Takata Corporation and TK Holdings (collectively, "Takata") and equipped in vehicles manufactured by defendants Honda, BMW, Ford, Mazda, Mitsubishi, Nissan, Subaru, and Toyota (collectively, "Vehicle Manufacturer Defendants"). This cause comes before the Court on Defendant Takata's Motion to Dismiss Second Amended Consolidated Class Action Complaint or in the Alternative, to Strike the Allegations of Counts 3–8 and 104 [D.E. 622] and Defendant Honda's Motion to Dismiss [D.E. 616]. This Order pertains only to Plaintiffs' federal claims and motion to strike the allegations of a national class action. For reasons discussed below, the Court denies in part Takata's and Honda's motions to dismiss, as Plaintiffs have established *prima facie* claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Manguson-Moss Warranty Act. The Court also denies as premature Takata's motion to strike.

## Background

Plaintiffs in this case are consumers of vehicles equipped with Takata airbags containing ammonium nitrate as a propellant. The Court has divided the MDL's component cases into two tracks: an economic loss track for plaintiffs alleging purely economic damages and a personal injury track for plaintiffs alleging damages to a person. This order pertains to the economic loss track cases. In their Second Amended Consolidated Class Action Complaint ("Complaint") [D.E. 579] Plaintiffs allege, in 104 counts, that Takata and Honda violated provisions of RICO, and that Takata and the Vehicle Manufacturer Defendants violated the Manguson-Moss Warranty Act and various state laws regarding warranty, consumer protection, unjust enrichment, and negligence. Takata and the Vehicle Manufacturer Defendants each filed separate motions to dismiss. Plaintiffs filed an Omnibus response to all the motions to dismiss and defendants filed separate replies. On October 23, 2015, the Court heard oral arguments on the motions to dismiss. This Order is the first in a series of orders on the motions to dismiss heard at oral argument.

## Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

## Racketeer Influenced and Corrupt Organizations Act

*A. Count 1 – Violation of 18 U.S.C. § 1962(c)*

To establish a federal RICO violation under 18 U.S.C. § 1962(c), a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (quotation marks omitted). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Racketeering activity is any act indictable under any of the statutory provisions listed in 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires the commission of at least two such acts within a ten-year period. 18 U.S.C. § 1961(5); *Rajput v. City Trading, LLC*, 476 F. App'x 177, 180 (11th Cir. 2012). Plaintiffs allege that Takata, the Vehicle Manufacturer Defendants, and dealerships that sell vehicles manufactured by the Vehicle Manufacturer Defendants constitute an association-in-fact that engaged in a collaborative scheme to defraud consumers, which was distinct from the conduct of any individual defendant. To support these allegations, the Complaint includes factual allegations of racketeering activity in violation of 18 U.S.C. §§ 1341 and 1343, including pages of references to specific communications among defendants, that the defendants, acting as an enterprise, knew of a defect in the Takata airbag, knew that Takata had concealed the defect, and defrauded consumers by selling and servicing vehicles for more money than consumers would have paid had the vehicle not contained a defective airbag. Plaintiffs have alleged sufficient facts in support of the elements of 18 U.S.C. § 1962(c) to survive a motion to dismiss.

In civil RICO cases, to satisfy the requirements of 18 U.S.C. § 1964(c), a plaintiff must also show (1) "the requisite injury to business or property," and (2) proximate cause such that the "injury was by reason of the substantive RICO violation." *Williams*, 465 F.3d at 1282-83 (quotation marks omitted). To state a plausible claim for relief under this statute, a plaintiff cannot rely solely on abstract allegations of market theory; rather, a plaintiff must allege concrete facts in support of a finding of injury and causation. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 709 (11th Cir. 2014). Defendant Takata contends that Plaintiffs have failed to allege concrete facts of cognizable financial loss or proximate causation. In regards to financial loss, Takata argues that Plaintiffs do not allege any specific loss, and furthermore, any loss related to the inflator defect can be alleviated if a consumer avails himself of a free replacement airbag offered as part of Takata and the Vehicle Manufacturer Defendants recall arrangement. As to proximate causation, Takata alleges that there is no direct causal chain between the alleged conspiracy to conceal the inflator defect to the alleged loss suffered by consumers.[1] Plaintiffs allege that as a result of the conspiracy, class members were injured in their property in the following ways: they overpaid for vehicles based on misinformation regarding vehicle safety; they overpaid for airbags within the vehicles; and the vehicles they purchased diminished in value after the public learned about the airbag defect. Each individual plaintiff has also alleged that he would not have purchased a class vehicle had he known about the airbag defect. Finally, several plaintiffs allege that they suffered damages stemming from missed work, transportation, and child care. Upon a close review of the record and the law, the Court finds that Plaintiffs have alleged enough to state a plausible claim for relief. Plaintiffs will have the opportunity to develop the facts alleged through the discovery process. For the reasons stated above, Takata's Motions to Dismiss is denied as to Count 1 of the Complaint.

---

[1] See D.E. 829-1 for Takata's exhibit in support of its position on proximate causation, submitted at oral argument.

### B.  Count 2 – Violation of 18 U.S.C. § 1962(d)

Plaintiffs bring a separate claim against Takata and Honda under 18 U.S.C. § 1962(d), alleging that defendants agreed to conspire to violate § 1962(c), the statute at issue in Count 1. To establish a RICO conspiracy under § 1962(d), "a plaintiff must show either agreement with the objective of the conspiracy or agreement to commit two racketeering predicates." *Rajput v. City Trading, LLC*, 476 F. App'x 177, 180 (11th Cir. 2012) (quotation marks omitted). Plaintiffs allege that, over the course of a decade, Takata and Honda "shared information about injurious airbag deployments—jointly and secretly—investigated the possible causes of those deployments, delayed and/or prevented the release of inculpatory information, misled regulatory authorities, and maintained a consistent public posture as to the scope of vehicles affected by the Defective Airbags and the safety risks those airbags posed." In the Complaint, Plaintiffs juxtapose communications between Honda and Takata with a timeline of Takata's alleged conspiratorial conduct to implicate that Honda acted in agreement with the objectives of the alleged conspiracy. In its motion to dismiss, Honda argues that this evidence is not sufficient to meet the pleading standard. However, as this Court noted in *In re Managed Care Litig.*, 150 F. Supp. 2d 1330, 1350 (S.D. Fla. 2001), a case Honda relies on throughout its motion, "a conspiracy 'may be proved by either direct or circumstantial evidence; a common scheme or plan may be inferred from the conduct of the alleged participants or from other circumstances.'" *Id.* (citing *U.S. v. Majors*, 196 F.3d 1206, 1210–11 (11th Cir.1999)). This court finds that Plaintiffs have alleged sufficient evidence—both direct and circumstantial—to survive a motion to dismiss. For this reason, Takata's and Honda's motions to dismiss are denied as to Count 2 of the Complaint.

## Allegations of National Class Action

Defendant Takata also moves to strike the allegations of a national class action pursuant to Federal Rule of Civil Procedure 23(c)(1)(A). The Complaint includes nationwide class action claims for unjust enrichment, fraudulent concealment, negligence, violations of state consumer protection and implied warranty laws, and breach of implied warranty under the Magnuson-Moss Act. This Order addresses only the motion to strike and not the motions to dismiss the same nationwide class action claims. Defendants argue that, based on a choice-of-law analysis, this court cannot assess the nationwide claims under the law of one state; rather the laws of more than 30 states will apply to these claims (as well as to the Manguson-Moss claim, the analysis of which relies on state law). Thus, Defendants contend that there is no efficiency incentive or precedent for the Court to address more than 30 state laws under each consolidated claim. In response, Plaintiffs contend that the motion to strike is untimely, unnecessary, and fails to acknowledge the many common issues of fact and law. This Court is not compelled to address the motion to strike at this time and finds that to do so would be premature. Therefore, Takata's motion to strike the allegations of a national class is denied.

## Manguson-Moss Warranty Act

The Manguson-Moss Warranty Act provides a federal cause of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). In Count 3, Plaintiffs allege that Takata and the Vehicle Manufacturer Defendants breached the implied warranty of merchantability by selling a consumer vehicle that was not fit for the ordinary purpose of a safe passenger vehicle, nor properly designed,

manufactured, marketed, contained, packaged or labeled. Takata moves for the Court to dismiss Plaintiffs' Magnuson-Moss Warranty Act cause of action for two reasons. First, Takata moves for dismissal on the same basis that it moves to strike the national class action claims: "the warranty laws of over 30 jurisdictions are implicated by the proposed class, and therefore common issues of law do not predominate and the claim is not manageable as a class action." Plaintiffs similarly argue that dismissal for this reason is premature. Furthermore, Plaintiffs contend that even if the Court's choice-of-law analysis requires it to apply the laws of the state jurisdictions to claims under Manguson-Moss, the Court can address these issues by grouping similar state laws together and addressing claims under those laws in subclasses. The Court agrees that the Manguson-Moss claim should not be dismissed based on premature choice-of-law issues. Second, Takata moves for the Court to dismiss Plaintiffs' Magnuson-Moss claim for lack of contractual privity between Takata and Plaintiffs. Takata argues that the question of whether privity is required hinges on state law. In response, Plaintiffs cite to case law which suggests that privity is not required for claims of breach of implied warranty under the state laws of Michigan, Texas, and California. Because plaintiffs have alleged facts sufficient to show a violation of the Manguson-Moss Act, at least as it applies under the laws of three states with significant ties to plaintiffs in this case, the Court finds that dismissal is not warranted. For these reasons, Takata's motion to dismiss is denied as to Count 3.

## Conclusion

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Takata's motion to dismiss is **DENIED IN PART** (as to Counts 1-3 and the motion to strike allegations of a national class action) and Defendant Honda's motion to dismiss is **DENIED IN PART** (as to Count 2).

**DONE AND ORDERED** in Chambers, Miami, Florida, this 2nd day of December, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record