UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No. 15-2599-MD-MORENO
14-24009-CV-MORENO
15-20664-CV-MORENO

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO ALL CASES
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court pursuant to the Special Master's Report and Recommendation Regarding Disputed Provision of Proposed Stipulated Order Regarding the Protocol Governing Production of Document and Electronically Stored Information ("Report") [D.E. 873]. The Court has reviewed the Report, Plaintiffs' Objections, Defendants' Response, and Plaintiffs' Reply. The Court held oral argument on this matter on February 16, 2016 and is duly advised.

### I.   BACKGROUND

The parties disagree on two issues concerning the protocol governing production of documents and electronically stored information: 1) the procedure for redacting irrelevant information from responsive documents, and 2) whether irrelevant parent documents and other documents that are not attachments, from responsive document families can be withheld entirely.[1]

---

[1] Regarding the second issue, the parties have agreed to allow a producing party to withhold irrelevant attachments from within responsive document families, pursuant to certain conditions.

The Special Master approved of Defendants' proposal for both matters. Specifically, as to the first issue, the Special Master recommended that a producing party be allowed to redact information pertaining to seven categories of information deemed irrelevant: 1) pricing, profits, non-public financial information; 2) parts, suppliers, or costs; 3) design, development, and engineering; 4) marketing and business strategy; 5) other makes and models; 6) non-U.S. products; and 7) service and quality issues. As to the second issue, the Special Master recommended that a producing party be allowed to withhold irrelevant parent documents.

## II. LEGAL STANDARD

The Parties disagree about which standard of review should apply to the Court's review of the Special Master's Report.

Rule 53 of the Federal Rules of Civil Procedure governs matters related to Special Masters. The Court must decide *de novo* all objections to findings of fact, unless otherwise stipulated by the parties and approved by the Court. Fed. R. Civ. P. 53(f)(3). Similarly, the Court must decide *de novo* all objections to conclusions of law. Fed. R. Civ. P. 53(f)(4). The Court may set aside a master's ruling on procedural matters only for an abuse of discretion, unless otherwise stated in the appointment order. Fed. R. Civ. P. 53(f)(5). The Appointment Order here expressly states the Court "will apply the standard of review indicated in Rule 53 in deciding whether to adopt the Special Master's Report and Recommendation." (D.E. 453, at 1).

Plaintiffs contend the Court should review the Report *de novo* because the report contains legal conclusions and findings of fact. Plaintiffs argue the Special Master's conclusion that the Federal Rules permit redaction of irrelevant information from responsive documents is a legal conclusion and the conclusion that Defendants' proposed redaction categories appear to be irrelevant is a mixed question of law and fact. (D.E. 878, at 10). Defendants argue that this Report concerns the process for the production of documents, redaction of irrelevant information

2

from responsive documents, and the identification of redacted information to the receiving party, and because these are procedural matters, the Court should review the Report for abuse of discretion. (D.E. 893, at 7–8). Plaintiffs respond that even if the Court reviews the Report for abuse of discretion, legal determinations are reviewed *de novo.* (D.E. 896, at 2–3).

Because Rule 26(b)(1) of the Federal Rules of Civil Procedure, governing the scope of discovery, has been amended since the Special Master issued the Report, the Court reviews the Report *de novo.*

### III. ANALYSIS

#### A. Irrelevance Redactions

Plaintiffs object to the redaction of information pertaining to the seven proposed categories and argue that the Report: is based on an inaccurate premise that Plaintiffs consented to irrelevance redactions in responsive documents; is inconsistent with the Federal Rules of Civil Procedure in allowing irrelevance redactions that will potentially allow redaction of highly relevant information from responsive documents; will impair Plaintiffs' discovery efforts; and will lead to unnecessary litigation over the redactions.

Defendants raise the concern that without irrelevance redactions, they would have to produce copious amounts of information, potentially disclosing competitively sensitive information with no bearing on this case. Despite the protective orders in this case, Defendants worry that this competitively sensitive information will be disclosed, perhaps to their competitors, perhaps to the media.

The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary* 6 (2015). Specifically, Rule 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). As the Chief Justice's comments highlight, a party is not entitled to receive every piece of relevant information. It is only logical, then, that a party is similarly not entitled to receive every piece of irrelevant information in responsive documents if the producing party has a persuasive reason for why such information should be withheld.

Here, the Court finds Defendants have provided a persuasive reason for allowing them to redact certain irrelevant information: that disclosing such information could provide its competitors with competitively sensitive information to the ultimate detriment of each Defendant.

However, the Court finds that the seven categories proposed by the Special Master could contain highly relevant information. For instance, one of these categories is "non-U.S. products." Yet information pertaining to the decision to use, or not use, ammonium-nitrate airbags in those vehicles could be highly relevant to the case. Similarly, the same decisions made in the context of "other makes and models" not at issue in this case — another of the seven categories — could also be highly relevant.

Because the seven categories proposed by the Special Master could contain highly relevant information, the Court modifies the Report's seven categories as follows, the producing party may redact information pertaining to the seven categories proposed by the Special Master — 1) pricing, profits, non-public financial information; 2) parts, suppliers, or costs; 3) design,

4

development, and engineering; 4) marketing and business strategy; 5) other makes and models; 6) non-U.S. products; and 7) service and quality issues — *so long as that information does not concern airbags*. This decision balances the producing parties' desire to protect their competitively sensitive information, with the importance of the issues at stake in this action and the importance of the discovery in resolving the issues at hand.

As the Special Master recommended, the producing party shall stamp the redacted document in substance "irrelevant material redacted" and indicate the category/type of irrelevant information redacted.

### B. Withholding Irrelevant Documents From Responsive Families

As noted by the Special Master, the ruling allowing certain irrelevance redactions largely moots the second issue: whether the producing party can withhold irrelevant parent documents from responsive families. Indeed, it would make little difference if the producing party provides a fully redacted document or does not provide the document at all.

Thus, the Court adopts the Report as it pertains to allowing the producing party to withhold irrelevant documents[2] from responsive families. The parties shall follow the Bates-numbering procedure set forth in the Report and shall produce a list or slip sheet for the removed documents, as set forth in the Report. Further, the producing party shall provide contextual information for any withheld parent document, as provided in the Report.

### IV.    CONCLUSION

Accordingly, the Court **ADOPTS IN PART** the Report [D.E. 873], as to the withholding of irrelevant documents from responsive families, as discussed above. The Court modifies the Report's recommendation as to irrelevance redactions, such that a producing party may redact

---

[2] An irrelevant document is a document falling within one of the seven categories listed above, so long as it contains no information related to airbags.

only information pertaining to the above-mentioned seven categories, so long as that information does not concern airbags.

**DONE AND ORDERED** in Chambers, Miami, Florida, this ___ day of February, 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record