**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

MDL No. 2599
Master File No. 15-2599-MD-MORENO
14-24009-CV-MORENO

IN RE:

**TAKATA AIRBAG PRODUCTS**
**LIABILITY LITIGATION**

THIS DOCUMENT RELATES TO
ECONOMIC DAMAGES TRACK CASES
_____/

**TAKATA'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTIONS TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS**
**<u>ACTION COMPLAINT</u>**

In addition to the points made by the Automotive Defendants in their response to Plaintiffs' supplemental authority notice, *see* D.E. 1086, Takata submits this response noting two reasons why *Carriuolo v. General Motors Company*, No. 15-14442, slip op. (11th Cir. May 17, 2016), is distinguishable and does not support Plaintiffs' opposition to Takata's motion to dismiss Plaintiffs' FDUTPA claims in its pending Motion to Dismiss the Second Amended Consolidated Class Action Complaint, *see* D.E. 622 ("Mot. to Dismiss").

First, the Eleventh Circuit's *Carriuolo* class certification decision, and the cases cited therein, addressed affirmative misrepresentations made by defendants that were *directed* to consumers. *See, e.g.*, *Carriuolo*, slip op. at 3 (noting that defendant General Motors made the alleged misrepresentations at issue on stickers that were placed in the windows of every new vehicle sold to consumers). The District Court in *Carriuolo* found the predominance requirement was satisfied "by an essential question common to each class member: whether the

-1-

-2-

inaccurate [window] sticker provided by General Motors constituted a misrepresentation prohibited by FDUTPA." *Id.* at 11.  Here, however, as explained in Takata's motion to dismiss, Plaintiffs have not alleged any deceptive conduct *by Takata* that was directed to consumers.  *See* Mot. to Dismiss at 27 (explaining that "[e]ach state statute requires a consumer transaction or consumer-directed conduct by Takata," and that "Plaintiffs do not allege deceptive conduct specifically directed *at them* by *Takata*"); *see also* D.E. 705 at 15.

Second, unlike in *Carriuolo*, the alleged defects at issue here are subject to recall and remedy.  As Plaintiffs admit, they have had the opportunity to replace the airbags in their vehicles.  *See, e.g.*, Second Am. Consol. Class Action Compl. ¶ 76 (alleging that Florida Plaintiff Joseph Aliscio "believes that both the driver and passenger side airbags in his [vehicle] were replaced in March 2015"), ¶ 77 (alleging that Florida Plaintiff Keith Allen "believes that both the driver and passenger side airbags in [his vehicle] were replaced" and "has taken [his vehicle] twice to be serviced for the airbags, in response to recalls"); *see also* Mot. to Dismiss at 19 n.16 ("Class Vehicles by definition . . . have already been recalled.").  By contrast, the *Carriuolo* plaintiffs were not offered a remedy for the alleged defect, and accordingly, the Eleventh Circuit observed that it is a "[c]ommon sense" proposition that "a car with [a defect is] worth less than a car with [no defect]."  *See Carriuolo*, slip op. at 14.  That logic is inapplicable here, where Plaintiffs concede that a remedy is being made available for their allegedly defective airbags.  Thus, Plaintiffs' vehicles and asserted injuries are not comparable to those at issue in *Carriuolo*.

Dated: June 6, 2016                                   Respectfully submitted,

**CARLTON FIELDS JORDEN BURT, P.A.**     **DECHERT LLP**

By: /s/ Stephen J. Krigbaum                       By: /s/ Benjamin R. Barnett
Stephen J. Krigbaum (Fla. Bar No. 978019)         Benjamin R. Barnett (admitted *pro hac vice*)
(skrigbaum@carltonfields.com)                     (ben.barnett@dechert.com)

CityPlace Tower – Suite 1200                      Cira Centre
525 Okeechobee Boulevard                          2929 Arch St.
West Palm Beach, FL 33401                         Philadelphia, PA 19104
Tel: (561) 659-7070                               Tel: (215) 994-4000
Fax: (561) 659-7368                               Fax: (215) 994-2222

**COVINGTON & BURLING LLP**

By: /s/ Keith A. Teel
Keith A. Teel (admitted *pro hac vice*)
(kteel@cov.com)

Lanny A. Breuer (admitted *pro hac vice*)
(lbreuer@cov.com)

Michael Imbroscio (admitted *pro hac vice*)
(mimbroscio@cov.com)

Paul Schmidt (admitted *pro hac vice*)
(pschmidt@cov.com)

Shankar Duraiswamy  (admitted *pro hac vice*)
(sduraiswamy@cov.com)

One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendants Takata Corporation and TK Holdings Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

                                            /s/ Stephen J. Krigbaum
                                            Stephen J. Krigbaum