## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

**MDL No. 2599**
**Master File No. 15-2599-MD-MORENO**
**14-24009-CV-MORENO**

IN RE:

**TAKATA AIRBAG PRODUCTS**
**LIABILITY LITIGATION**

_____

THIS DOCUMENT RELATES TO ALL
ECONOMIC LOSS TRACK CASES

_____/

## ORDER GRANTING IN PART AND DENYING IN PART SUBARU
## OF AMERICA INC.'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Subaru of America, Inc.'s ("Subaru"),

Motion to Dismiss ("Motion") **(D.E. 615)**, filed on **July 17, 2015**.

THE COURT has reviewed the Motion, Plaintiffs' Omnibus Response (D.E. 658) and

Subaru's Reply (D.E. 696). Additionally, the parties raised some of their briefed arguments at

oral argument held on Friday, October 23, 2015. Subaru's Motion asks the Court to dismiss all

counts alleged against it in the Second Amended Economic Loss Complaint ("Complaint") (D.E.

579).

### I.      BACKGROUND

This order pertains to the economic loss track cases. In the Complaint, Plaintiffs allege 8

counts against Subaru.[1] These 8 counts against Subaru consist of the following: Count 3 for

_____

[1]      This figure does not include Counts 104–106, alleged by the Automotive Recycler's
Association. The Automotive Defendants moved to dismiss these three Counts and the Court
ruled in their favor. As these Counts have been dismissed, the Court does not address arguments
in the Motion, Omnibus Response, and Reply addressing them.

violations of the Magnuson-Moss Warranty Act, Count 36 for fraudulent concealment, Count 37 for Breach of New Jersey's Implied Warranty of Merchantability, Count 38 for unjust enrichment, Count 39 for violation of the New Jersey's Consumer Fraud Act, Count 47 on behalf of a Florida sub-class alleging violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Count 48 on behalf of a Florida sub-class alleging breach of Florida's implied warranty of merchantability, and Count 49 on behalf of an Alabama sub-class alleging violation of Alabama's Deceptive Trade Practices Act.[2]

These 8 counts arise out of two Named Plaintiffs' Subaru purchases. Specifically, the two Named Plaintiffs are Michael Walker and Regina Reilly. Walker purchased his Subaru, used, in Florida. Reilly purchased her Subaru, used, in Alabama. Reilly's claims were direct-filed into the MDL, as he is a Named Plaintiff in the Complaint and his case had not previously been transferred to the Southern District of Florida. Walker's claims were transferred to the Court from the Eastern District of Pennsylvania.

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

---

[2]     The Order does not apply to any of the claims for injunctive relief. The Court will consider the arguments concerning injunctive relief in a later order.

Where a cause of action sounds in fraud, however, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge may be alleged generally. Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted).

### III.    ANALYSIS

#### A. Choice of Law Analysis

Plaintiffs assert two counts against Subaru arising only under New Jersey Law. Specifically, Counts 37 and 39 allege violations of New Jersey's Implied Warranty of Merchantability and New Jersey's Consumer Fraud Act. Subaru argues that the counts asserting New Jersey law should be dismissed because "the applicable choice of law rules dictate that the laws of the home states of Walker [and] Reilly. . . govern their claims, and not the law of New Jersey." (D.E. 615, at 9). The Court agrees. While Plaintiffs argue a choice of law inquiry is premature, the issue has been briefed and, at least with regard to the claims against Subaru, can be decided by the Court without further factual development. As such, the Court applies the choice of law analysis prescribed in its Order Granting in Part and Denying in Part Mazda Motor of America, Inc. D/B/A/ Mazda North American Operations' Motion to Dismiss [D.E. 1099] ("Previous Order") for the reasons stated therein.

Accordingly, Florida's choice of law rules apply to Reilly's claims because her claims were filed directly in the Southern District of Florida. And Pennsylvania's choice of law rules apply to Walker's claims because his case was transferred into the MDL from the Eastern District of Pennsylvania. The Court finds that under Florida and Pennsylvania's choice of law rules, New Jersey law should not apply to the instant actions. Neither of the two Named Plaintiffs reside in New Jersey, nor did they reside in New Jersey at the time of purchase.[3] Plaintiffs do not allege that the vehicles at issue were purchased in New Jersey or that Plaintiffs saw or heard any allegedly deceptive advertisements about Subaru in New Jersey. Nor do Plaintiffs allege that the vehicles at issue were manufactured in New Jersey. The only significant tie to New Jersey alleged is that Subaru is headquartered in New Jersey. This tie is not enough to defeat the interests of Florida and Alabama in the instant actions, as these states are where the vehicles were purchased and where the alleged harm—overpayment for a purportedly defective car—was suffered.

Applying Pennsylvania's choice of law rules to Walker's claim, substantive Florida law applies to his claims, as he purchased the vehicle in Florida and resides in Florida, and thus, Florida has more of an interest in the claims than does New Jersey. Applying Florida's choice of law rules to Reilly's claims, Alabama substantive law governs her claim, as the purported harm would have occurred in Alabama, where Walker purchased her vehicle.

Because New Jersey law does not govern the claims brought against Subaru, Subaru's Motion is **GRANTED** as to the counts exclusively alleging claims under New Jersey law. Accordingly, Count 37 and Count 39 are hereby **DISMISSED**.

---

[3]     Specifically, Reilly resides in Alabama and purchased her Subaru in Alabama; Walker resides in Florida and purchased his Subaru in Florida.

**B.  Manifestation of Alleged Defect and Claims for Economic Damages**

Consistent with the Court's Previous Order, and for the reasons stated therein, the Court agrees with Plaintiffs' argument regarding manifestation. As stated in the Previous Order, the Court's finding is limited to the motion to dismiss stage, taking as true Plaintiffs' allegations of a uniform defect based on the use of ammonium nitrate as a propellant. The Court notes that Defendants have raised the possibility of other causes and factors contributing to the airbag inflator malfunctions. Accordingly, these factors may be appropriately considered at the summary judgement stage.

**C.  Subaru's Knowledge**

Consistent with the Court's Previous Order, and for the reasons stated therein, the Court finds that Plaintiffs have sufficiently alleged Subaru's knowledge of the alleged inflator defect to satisfy the pleading requirements of Rule 9(b).

**D.  Fraudulent Concealment and State Law Deceptive Trade Practices Acts**

Subaru moves to dismiss Count 36, Count 47, and Count 49 for fraudulent concealment and violations of Alabama and Florida's deceptive trade practices acts.

**1.   Reilly's Claim For Fraudulent Concealment (Count 36) and Violation of the Alabama Deceptive Trade Practices Act (Count 49)**

Subaru argues Reilly's claims of fraudulent concealment and violation of the Alabama Deceptive Trade Practices Act should be dismissed, in part, because Plaintiffs have not met the heightened pleading requirements of Rule 9(b) and have not sufficiently pleaded reliance on the alleged concealment and resulting damages. Additionally, Subaru asserts Plaintiffs have not plausibly alleged that Subaru had a duty to disclose any information about the Takata airbags to Reilly, a used car purchaser.

Here, Plaintiffs have alleged that Subaru "had a duty to disclose the Inflator Defect because it . . . [m]ade incomplete representations about the safety and reliability of the Class Vehicles, while purposefully withholding material facts from Plaintiffs that contradicted these representations." (D.E. 579 ¶ 867). Plaintiffs have alleged Subaru made various statements regarding the safety of its vehicles prior to Reilly's purchase. (D.E. 579 ¶ 310(g)). Specifically, Plaintiffs allege that in 2005, Subaru "represented in its brochures:  Advanced front air bags, including passenger-side dual-stage deployment, help provide optimal protection for the driver and front passenger." *Id.* Plaintiffs also claim that, in 2005, Subaru stated on its website that "[f]eatures like seatbelts with front pretensioners and force limiters, crumple zones, side-impact beams, front air bags, and Ring-Shaped Reinforcement Frame aid in minimizing the effects of collision." *Id.*

Subaru's arguments as to Count 36 and Count 49 are substantially similar to the arguments asserted by Mazda, and addressed in the Court's Previous Order. Consistent with that Order, and for the reasons stated therein, the Court finds that Plaintiffs have sufficiently alleged claims for fraudulent concealment and violation of the Alabama Deceptive Trade Practices Act. Therefore, Subaru's motion to dismiss Count 36 as to Plaintiff Reilly and Count 49 is hereby **DENIED**.

### 2.  Walker's Claim For Fraudulent Concealment (Count 36) and Violation of the Florida Deceptive and Unfair Trade Practices Act (Count 47)

Subaru argues Walker's fraudulent concealment and Florida Deceptive and Unfair Trade Practices Act claims should be dismissed because Plaintiffs have not met the heightened pleading requirements of Rule 9(b) and have not adequately pleaded Subaru had knowledge of a defect. As discussed, *supra*, and in the Court's previous Order, Plaintiffs have adequately pleaded both knowledge and fraudulent concealment with sufficient particularity.

Aside from the knowledge and fraud pleading standards raised by Subaru, Subaru's remaining contention is that Plaintiffs have not sufficiently alleged causation or detrimental reliance. Specifically, Subaru argues that "there are no pleaded facts establishing the essential element of 'causation' required under FDUTPA." (D.E. 615 at 26). Additionally, Subaru argues that "there are no pleaded facts establishing the Subaru Plaintiffs' detrimental reliance on any alleged fraudulent act or omission of [Subaru], which is required for common law fraud." *Id.*

Under Florida law, a valid Florida Deceptive and Unfair Trade Practices Act claim must establish three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). "[A] deceptive practice is one that is likely to mislead consumers." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000) (internal quotation omitted). Here, Plaintiffs have pleaded that Subaru's alleged omissions and concealed material facts caused Plaintiff's injuries. (D.E. 658 at 70–71). Specifically, Plaintiffs assert that "but for [Subaru's] omission of a dangerous safety defect—a highly material fact for consumers—Plaintiffs would not have purchased Class Vehicles or would not have paid as much for them as they did." *Id.* at 70.

At this motion to dismiss stage, Plaintiffs have sufficiently alleged that Subaru's omissions caused them to purchase Subaru vehicles. For these reasons, the Court finds that Plaintiffs have also plausibly alleged detrimental reliance. Therefore, Subaru's motion to dismiss Count 36 as to Plaintiff Walker and Count 47 is hereby **DENIED**.

### E.  Unjust Enrichment

Subaru moves the Court to dismiss Count 38, for unjust enrichment, as alleged by both Plaintiffs.

### 1.  Reilly's Claim For Unjust Enrichment Under Alabama Law (Count 38)

Subaru argues that Reilly's claim for unjust enrichment must be dismissed, in part, because Reilly purchased her purportedly defective used Subaru vehicle from a used car dealership, and thus, Subaru did not have possession of money belonging to Plaintiff. Additionally, Subaru asserts that because Reilly's vehicle is covered by a written warranty, Reilly has an adequate remedy at law that bars her unjust enrichment claim.

Consistent with the Court's Previous Order, and for the reasons stated therein, the Court cannot reasonably infer from the facts alleged that Subaru ever held any money belonging to Plaintiff. Accordingly, Reilly cannot maintain a claim for unjust enrichment and the Court need not reach the issue of whether an express contract covers Reilly's used Subaru vehicle. Therefore, Subaru's motion to dismiss Reilly's fraudulent concealment claim is hereby **GRANTED**. Count 38 as to Plaintiff Reilly is hereby **DISMISSED**.

### 2.  Walker's Claim For Unjust Enrichment Under Florida Law (Count 38)

Subaru argues, in part, that Walker's unjust enrichment claim fails because "[h]e does not allege to have purchased the vehicle from [Subaru] or even an authorized Subaru dealer. As such, no benefit was conferred upon and retained by [Subaru]." (D.E. 615 at 23). Plaintiffs respond that while plaintiffs must "directly confer a benefit on defendants, they need not have direct contact with the defendants to do so" because a plaintiffs' benefit to a defendant may be "passed through a third party." (D.E. 658 at 54–55). However, because Plaintiffs have not plausibly alleged Walker conferred any benefit, directly or indirectly, on Subaru, the Court agrees with Defendant.

Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that

benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012); *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (citing *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)).

To support their argument, Plaintiffs rely, in part, on *Williams v. Wells Fargo Bank N.A.*, for the proposition that a plaintiff may confer a direct benefit on a defendant through indirect contact. No. 11-21233-CIV-ALTONAGA/Simonton, 2011 U.S. Dist. LEXIS 119136, at *15–16 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant"). *Williams*, however, does not address the private re-sale of used products. The *Williams* court, in relevant part, addressed whether commissions paid to the defendant from the plaintiff's forced-place insurance payments constituted a direct benefit. *Id.* at *14. There, the plaintiffs alleged that a "payment arrangement" existed between the defendant, the intermediary bank, and the plaintiffs. *Id.* at *16. Noting the "kickbacks and/or commissions which were taken directly from the insurance premiums paid by Plaintiffs," the court found that "even if there was no direct contact between [the defendant] and Plaintiffs, by paying the allegedly excessive premiums, Plaintiffs directly conferred a benefit on [the defendant]." *Id.* at *15.

Though Plaintiff correctly asserts that direct benefits may be conferred through indirect contact, the Complaint does not plausibly allege that Walker conferred any benefit on Subaru. Plaintiffs allege that

> Subaru has received and retained a benefit from the Plaintiffs and inequity has resulted. Subaru benefitted through its unjust conduct, by selling Class Vehicles

with a concealed safety-and-reliability related defect, at a profit, for more than these Vehicles were worth, to Plaintiffs, who overpaid for these Vehicles, and/or would not have purchased these Vehicles at all; and who have been forced to pay other costs.

(D.E. 121 at ¶¶ 884-85). Yet, these allegations do not plausibly allege that proceeds from the sale of the used Subaru vehicle, advertised and sold by independent third parties, conferred a direct benefit on Subaru. Drawing all reasonable inferences in favor of Plaintiffs, the Court finds these allegations insufficiently allege Walker conferred any benefit on Subaru. Thus, the claim must be dismissed. Accordingly, Subaru's motion to dismiss is **GRANTED** as to the unjust enrichment claim. Count 38 as to Plaintiff Walker is hereby **DISMISSED**.

**F.  Breach of Florida's Implied Warranty of Merchantability (Count 48) and Violation of the Magnuson Moss Warranty Act (Count 3)**

Subaru moves to dismiss Count 48, asserting breach of Florida's implied warranty of merchantability. In Response, Plaintiffs state they "have elected not to pursue implied warranty claims under Florida" law. Consistent with the Court's Previous Order, and for the reasons stated therein, the Court **GRANTS** Subaru's motion to dismiss Plaintiffs' Florida implied warranty of merchantability and Magnuson-Moss Warranty Act claims. Therefore, Count 48 and Count 3 as to Plaintiff Walker are hereby **DISMISSED**.

**G.  Motion to Stay**

The Court has denied the previously filed motion to stay (*see* D.E. 737).  Accordingly, this motion to stay is hereby **DENIED** for the same reasons the Court denied the previous motion to stay.

**IV.   CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Subaru's Motion (D.E. 615) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Counts 37, 38, and 39 are **DISMISSED** as it

pertains to both Reilly and Walker. Count 3 and Count 48, as asserted by Walker only, are also

**DISMISSED**.

       **DONE AND ORDERED** in Chambers, Miami, Florida, this 20th ___ th day of June, 2016.


                                        **FEDERICO A. MORENO**
                                      **UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record