UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No. 15-02599-MD-MORENO
14-24009-CV-MORENO

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO
ALL ECONOMIC LOSS ACTIONS
AGAINST NISSAN DEFENDANTS
_____/

## FINAL ORDER APPROVING CLASS SETTLEMENT
## AND CERTIFYING SETTLEMENT CLASS

WHEREAS, the Court, having considered the Settlement Agreement filed on August 8, 2017 (the "Settlement Agreement") between and among Class Representatives, through Settlement Class Counsel, and Defendants Nissan Motor Company, Ltd., and Nissan North America, Inc. (collectively "Nissan"), the Court's September 19, 2017 Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (the "Preliminary Approval Order"), having held a Fairness Hearing on February 7, 2018, and having considered all of the submissions and arguments with respect to the Settlement Agreement, and otherwise being fully informed, and good cause appearing therefore (all capitalized terms as defined in the Settlement Agreement);

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Final Order Approving Class Action Settlement incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and

Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in the Action, including, but not limited to all Class Members, and has subject matter jurisdiction over the Action, including without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all claims released in the Settlement Agreement, and to dismiss the economic loss claims asserted against Nissan in the Actions with prejudice and enter final judgment with respect to Nissan in the Actions. Further, venue is proper in this Court.

## I. THE SETTLEMENT CLASS

3. Based on the record before the Court, including all submissions in support of the settlement set forth in the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following nationwide Class (the "Class") for settlement purposes only:

> (1) all persons or entities who or which owned and/or leased, on the date of the issuance of the Preliminary Approval Order, Subject Vehicles distributed for sale or lease in the United States or any of its territories or possessions; and (2) all persons or entities who or which formerly owned and/or leased Subject Vehicles distributed for sale or lease in the United States or any of its territories or possessions, and who or which sold or returned, pursuant to a lease, the Subject Vehicles after April 11, 2013 and through the date of the issuance of the Preliminary Approval Order. Excluded from this Class are: (a) Nissan, its officers, directors, agents, representatives, employees and outside counsel; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; and Nissan's Dealers and their officers and directors; (b) Settlement Class Counsel, Plaintiffs' counsel, and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case and the 11th Circuit Court of Appeals; (d) Automotive Recyclers and their outside counsel and employees; and (e) persons or entities who or which timely and properly exclude themselves from the Class.

4.      The Court finds that only those persons/entities/organizations listed on Appendix B to this Final Order Approving Class Action Settlement have timely and properly excluded themselves from the Class and, therefore, are not bound by this Final Order Approving Class Action Settlement or the accompanying Final Judgment.

5.      The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Effective Date, that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3):

a.      *Numerosity.* The Class, which is ascertainable, consists of more than 4.4 million members located throughout the United States and satisfies the numerosity requirement of FED. R. CIV. P. 23(a)(1). Joinder of these widely dispersed, numerous Class Members into one suit would be impracticable.

b.      *Commonality.* There are some questions of law or fact common to the Class with regard to the alleged activities of Nissan in this case. These issues are sufficient to establish commonality under FED. R. CIV. P. 23(a)(2).

c.      *Typicality.* The claims of class representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement.

d.      *Adequate Representation.* Plaintiffs' interests do not conflict with those of absent members of the Class, and Plaintiffs' interests are co-extensive with those of absent Class Members. Additionally, this Court recognizes the experience of Settlement Class Counsel. Plaintiffs and their counsel have prosecuted this action vigorously on behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under FED. R. CIV. P. 23(a)(4).

e.      *Predominance of Common Issues.* The questions of law or fact common to the Class Members predominate over any questions affecting any individual Class Member.

f.      *Superiority of the Class Action Mechanism.* The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because the

many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6. The designated class representatives are as follows: Agaron Tavitian, Enefiok Anwana, Harold Caraviello, David Brown, Errol Jacobsen, Julean Williams, Robert Barto, and Kathy Liberal. The Court finds that these Class Members have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement. The Court appoints Peter Prieto of Podhurst Orseck, P.A. as Lead Settlement Class Counsel, and David Boies of Boies, Schiller & Flexner, L.L.P., Todd A. Smith of Power, Rogers and Smith, L.L.P., Roland Tellis of Baron & Budd, P.C., James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody, & Agnello, PC, and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP as Settlement Class Counsel.

7. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

## II. NOTICE AND OUTREACH TO CLASS MEMBERS, AND QUALIFIED SETTLEMENT FUND

8. The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. CIV.

P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

9. The Court further finds that Nissan, through the Settlement Notice Administrator, provided notice of the settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. §1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

10. The Parties' Settlement includes an Outreach Program by which a Settlement Special Administrator will take additional actions to notify vehicle owners about the Takata Airbag Inflator Recalls and to promptly remedy those issues. This Outreach Program includes, but is not limited to: (a) direct contact of Class Members via U.S. mail, landline and cellular telephone calls, social media, email and text message; (b) contact of Class Members by third parties (e.g., independent repair shops); and (c) multi-media campaigns, such as through print, television, radio, and internet. Because this recall effort affects the health and safety of consumers, the Court finds that it is in the public interest and that of the federal government to begin this Outreach Program as soon as practicable, if not already begun, and that calls and texts made under the Outreach Program are being made for emergency purposes as that phrase is used in 47 U.S.C. § 227(b)(1)(A). Direct consumer contact through the Outreach Program is undertaken to convey important public safety information to consumers. The Settlement Special Administrator and those working on his behalf shall serve as agents of the federal government for these purposes and shall be entitled to any rights or privileges afforded to government agents or contractors in carrying out their duties in this regard.

11. The Court finds that the Escrow Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a. The Escrow Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

b. The Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

c. The assets of the Escrow Account are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Fund and controlled by an Escrow Agreement.

12. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Nissan may elect to treat the Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Escrow Account meets the requirements of Paragraphs 11(b) and 11(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 11 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

### III. FINAL APPROVAL OF SETTLEMENT AGREEMENT

13. The Court finds that the Settlement Agreement resulted from extensive arm's length good faith negotiations between Settlement Class Counsel and Nissan, through experienced counsel.

14. Pursuant to FED. R. CIV. P. 23 (e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement, and all other parts of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those identified on Appendix B, and it is to be preclusive in the Action. Administrator relating to the

review, processing, determination and payment of Claims submitted pursuant to the Settlement Agreement are final and not appealable.

15. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things: (a) there is no fraud or collusion underlying the Settlement Agreement; (b) the complexity, expense, uncertainty and likely duration of litigation in the Action favor settlement on behalf of the Class; (c) the Settlement Agreement provides meaningful benefits to the Class; and (d) any and all other applicable factors that favor final approval.

16. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as: (i) shall be consistent in all material respects with this Final Order Approving Class Action Settlement: and (ii) do not limit the rights of the Class.

17. The Court has considered all objections, timely and proper or otherwise, to the Settlement Agreement and denies and overrules them as without merit.

## IV. DISMISSAL OF CLAIMS, RELEASE

18. All economic loss claims asserted against Nissan in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

19. Upon entry of this Final Order Approving Class Action Settlement and the Final Judgment, class representatives and each Class Member (except those listed on Appendix B), on behalf of themselves and any other legal or natural persons and entities who or which may claim by, through or under them, including their executors, administrators, heirs, assigns, predecessors and successors, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties (as that term is defined in the Settlement Agreement) from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, losses and damages and

relief of any kind and/or type regarding the subject matter of the Actions, including, but not limited to, compensatory, exemplary, statutory, punitive, restitutionary, expert and/or attorneys' fees and costs, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative, vicarious or direct, asserted or un-asserted, and whether based on federal, state or local law, statute, ordinance, rule, regulation, code, contract, tort, fraud or misrepresentation, common law, violations of any state's or territory's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, or other laws, unjust enrichment, any breaches of express, implied or any other warranties, violations of any state's Lemon Laws, the Racketeer Influenced and Corrupt Organizations Act, or the Magnuson-Moss Warranty Act, or any other source, or any claims under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses 16. C.F.R. § 433.2, or any claim of any kind, in law or in equity, arising from, related to, connected with, and/or in any way involving the Actions, the Subject Vehicles' driver or passenger front airbag modules containing desiccated or non-desiccated Takata PSAN inflators, and any and all claims involving the Takata Airbag Inflator Recalls that are, or could have been, alleged, asserted or described in the Economic Loss Class Action Complaint, Amended Economic Loss Consolidated Class Action Complaint, the Second Amended Consolidated Class Action Complaint, the Actions or any amendments of the Actions.

20. If a Class Member who does not opt out commences, files, initiates, or institutes any new legal action or other proceeding against a Released Party for any claim released in this Settlement in any federal or state court, arbitral tribunal, or administrative or other forum, such legal action or proceeding shall be dismissed with prejudice at that Class Member's cost..

21. Notwithstanding the Release set forth in the Settlement and this Order, Class Representatives and Class Members are not releasing and are expressly reserving all rights relating to claims for personal injury, wrongful death or actual physical property damage arising

from an incident involving a Subject Vehicle, including the deployment or non-deployment of a driver or passenger front airbag with a Takata PSAN inflator.

22. Notwithstanding the Release set forth in the Settlement and this Order, Class Representatives and Class Members are not releasing and are expressly reserving all rights relating to claims against Excluded Parties.

23. By not excluding themselves from the Action and to the fullest extent they may lawfully waive such rights, all class representatives are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542. Section 1542 provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

24. The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement Agreement for all Class Members not listed on Appendix B.

25. Therefore, except for those listed on Appendix B, all class representatives, Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action described. In addition, all class representatives, Class Members and all persons and entities in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit against the Released Parties based on or relating to the claims and causes of action in the complaint in the Action, or the facts and

circumstances relating thereto or the release in the Settlement Agreement. Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the settlement as set forth in the Settlement Agreement, and the Action.

26. Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

## V. OTHER PROVISIONS

27. Without affecting the finality of this Final Order Approving Class Action Settlement or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order Approving Class Action Settlement and the accompanying Final Judgment, to protect and effectuate this Final Order Approving Class Action Settlement and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the class representatives, and each Class Member not listed on Appendix B are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

28. In the event that the Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order Approving Class Action Settlement and the accompanying Final Judgment, and other orders entered in connection with the Settlement

Agreement and releases delivered in connection with the Settlement Agreement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

29. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order Approving Class Action Settlement and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

30. Nothing in this Final Order Approving Class Action Settlement or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

31. Neither this Final Order Approving Class Action Settlement nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order Approving Class Action Settlement, the accompanying Final Judgment, or any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Nissan and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order Approving Class Action Settlement, the accompanying Final Judgment and any other related document is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person or entity who is subject to the release described above in Paragraph 19 asserting a released claim against any of the Released Parties.

32. A copy of this Final Order Approving Class Action Settlement shall be filed in, and applies to, each economic loss member action in this multidistrict litigation. Filed concurrently herewith is the Court's Final Judgment. Attached hereto as Appendix A is a list of the Subject Vehicles (identified by make, model, and year) to which these Orders and the Court's Final Judgment apply. Also attached hereto as Appendix B is a list of persons, entities, and organizations who have excluded themselves from (or "opted out" of) the Class.

**DONE AND ORDERED** in Chambers, Miami, Florida this 26th day of February, 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record