UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No. 15-02599-MD-MORENO
Econ. Loss File No. 14-24009-CV-MORENO
S.D. Fla. Case No. 19-24815-CV-MORENO

IN RE:

TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION
_____/

THIS DOCUMENT RELATES TO
ECONOMIC LOSS TRACK CASES
_____/

BARBARA HENDERSON, *et. al.*,

      Plaintiffs,
v.

FORD MOTOR COMPANY,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S**
**MOTION FOR SUGGESTION OF REMAND**

THIS CAUSE came before the Court upon Defendant Ford Motor Company's Motion for Suggestion of Remand **(D.E. 3622 in 15-02599 and D.E. 1480 in 14-24009)**, filed on **January 21, 2020**.

## BACKGROUND

In December 2018, this Court entered a Final Order that approved a $299 million class settlement with Ford Motor Company and that certified the settlement class. (D.E. 3182.) The Court attached to the Final Order an exhibit that listed more than 3,500 persons and entities who opted out of the settlement class. (D.E. 3182-2.) A significant number of these "opt-outs" reorganized by state and in the summer of 2019 began filing "group action" complaints against Ford across more than 20 states.

Ford subsequently filed Notices of Potential Tag-Along Actions with the Judicial Panel on Multidistrict Litigation ("JPML") for each group action. After receiving no objections to transfer, the JPML transferred each group action to this Court for consolidated pretrial proceedings. Once the transfers completed, Ford filed motions to dismiss for each group action. Then—despite having not objected to the JPML's Conditional Transfer Orders for each group action (D.E. 3727 at 44–45)—Ford filed the underlying motion, which asks the Court to suggest to the JPML that each group action should actually be remanded to its respective transferor court. Meanwhile, the Plaintiffs—who, despite opting out of the $299 million settlement that was reached as a result of consolidated pretrial proceedings—now want to litigate their renewed claims against Ford in consolidated pretrial proceedings, arguing that this Court is "in the best position to make pretrial rulings and expedite a disposition of the litigation." (D.E. 3724 at 8.)

After reviewing the Motion for Suggestion of Remand, the Opposition, the Reply, and hearing from counsel during the January 23, 2020 status conference, the Court will now decide whether the above-named group action should be recommended for remand. In so deciding, the Court will analyze the group actions collectively.

## **DISCUSSION**

In multidistrict litigation, the power to remand a case to the transferor court lies solely with the JPML. *See* 28 U.S.C. § 1407(a); *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Typically, the transferee court recommends to the JPML that a specific action be remanded. *See* J.P.M.L. Rule of Procedure 10.1(b); *see also* J.P.M.L. Rule of Procedure 10.3 ("[T]he Panel is reluctant to order a remand absent the suggestion of the transferee judge . . . ."). Where, as here, pretrial proceedings in the MDL have not concluded, the question of whether remand is appropriate is left to the discretion of the JPML. *See In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197 (citing *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)). The exercise of discretion to remand generally turns on "whether the case will benefit from further coordinated proceedings as part of the MDL." *Id.* (quoting *In re Air Crash Disaster*, 461 F. Supp. 671, 672–73 (J.P.M.L. 1978)); *see also In re Brand–Name Prescription Drugs Antitrust Litig.*, 170 F. Supp.

2d 1350, 1352 (J.P.M.L. 2001) ("Whether Section 1407 remand is appropriate for actions or claims in any particular multidistrict docket is based upon the totality of circumstances involved in that docket.").

The Court will now evaluate the composition of the parties and their counsel, the discovery that remains, the legal claims asserted, and the convenience of the parties and their counsel.

## I. THE PARTIES AND THEIR COUNSEL

When this litigation began in 2014, consolidated pretrial proceedings were necessary because thousands of plaintiffs filed, in courts across the country, hundreds of individual and numerous class action cases against several automotive manufacturers and Takata. Those plaintiffs and defendants were represented by hundreds of different attorneys from a significant number of different law firms from across the country. But that is far from the case here.

In these group actions, each plaintiff is represented by the same counsel and firm, and each complaint asserts claims against a single automotive manufacturer, Ford, who is represented by the same counsel. Thus, unlike earlier in this MDL, informal cooperation between all counsel in these group actions is entirely practicable without the need for centralized proceedings. To be sure, counsel have already shown their ability to informally cooperate, as reflected in the numerous mutual agreements reached to extend deadlines throughout the motion to dismiss briefing cycle for each group action. Furthermore, the fact that the same counsel and firms are involved in each group action also means that consolidated proceedings are not necessary for the parties to meaningfully engage in global settlement discussions. Thus, it is actually the parties that are in the "unique position to facilitate a resolution of the lawsuit[s]" without the need for trials. (D.E. 3724 at 7.) And indeed, it appears to the Court that a settlement was already reached in a California based group action before transfer to this MDL proceeding was ever initiated. (*See* D.E. 3531 at 2 n.2.) Thus, the parties have already proven their ability to meaningfully work through issues without the need for centralized proceedings.

Notably, when considering whether to transfer cases for consolidated pretrial proceedings, the JPML has factored into its decisions the extent of practicable informal cooperation between

counsel. *See, e.g., In re Louisiana-Pacific Corp. Trimboard Siding Mktg., Sales Practices & Prods. Liab. Litig.*, 867 F. Supp. 2d 1346, 1347 (J.P.M.L. 2012) (denying motion for transfer to centralized proceedings in part because "plaintiffs in some of the actions share[d] counsel, and defendant [was] represented by the same counsel in all actions" and that "[g]iven this overlap and the limited number of actions . . . informal cooperation [was] practicable and [would] avoid duplicative proceedings"); *In re Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012) (denying motion for transfer to centralized proceedings in part because the "[p]laintiffs in the consolidated actions share counsel, and at least some defendants . . . [were] represented by the same law firms" and because "[g]iven the limited number of actions . . . informal cooperation among the involved attorneys [was] quite practicable.").

In short, then, the Court finds that the informal cooperation already demonstrated by counsel in these group actions weighs in favor of remand.

## II. COMMON DISCOVERY AND LEGAL CLAIMS

This Court previously ruled that where it "has finished its work on common issues and what remains is limited to matters *unique to [the] specific cases*, remand is appropriate." *Tennessee Med. Ass'n v. United Healthgroup Inc.*, Case No. 00-1334-MD, 2014 WL 12837582, at *5 (S.D. Fla. Jan. 16, 2014) (emphasis added; internal citation and quotations omitted); *see also In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197 ("The Panel has discretion to remand, for example, when everything that remains to be done is case-specific.") (citing *In re Patenaude*, 210 F.3d at 145); *In re Aetna UCR Litig.*, Case No. 2:07-CV-3541, 2010 WL 3762281, at *1 (D.N.J. Sept. 20, 2010) ("A suggestion of remand is appropriate here. There appear to be no common issues of fact or law between this case and the MDL.").

The Court will now assess the extent to which the group actions raise common discovery issues and common legal claims, both amongst each other and when compared to the class actions currently being litigated in the MDL proceeding.

### A. REMAINING DISCOVERY

The Plaintiffs argue that common liability discovery is not complete because Ford has not

provided the Plaintiffs with any discovery previously produced in this MDL proceeding. (D.E. 3724 at 4–5.) The Plaintiffs also argue that they will seek discovery into Ford's affirmative defenses, which would include issues of "agency and the authority of [Ford's] authorized dealerships to bind [Ford] and create privity with Plaintiffs." *Id.* at 5. For these reasons, the Plaintiffs maintain that the group actions should remain here for consolidated pretrial proceedings.

On the other hand, Ford contends that common liability discovery is complete and thus "no meaningful efficiencies will be created by consolidation of these cases into the MDL." (D.E. 3622 at 3.) Ford explains that it participated in "extensive common liability discovery on all issues raised by these actions" for more than 3 years, and that during that time, it "responded to 10 sets of written discovery—including 227 document requests and 52 interrogatories (including subparts)—produced more than 134,000 pages of documents, and produced 14 Ford witnesses for deposition." *Id.* at 4. Ford also asserts that "[n]o remaining discovery of Ford is pending, and nearly two years have passed since any MDL plaintiff last propounded written discovery on Ford or deposed a Ford witness." *Id.* Finally, Ford argues that discovery into agency and privity issues is case specific. Ford insists that all these reasons support the case for remand to transferor courts.

To start, remand is not inappropriate simply because Ford has not yet produced common liability discovery,[1] as Section 1407 makes clear that remand can occur "at or before the conclusion of" pretrial proceedings, even if pretrial discovery is ongoing. *See* § 1407(a); *see also In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (suggesting remand despite argument that "pretrial discovery remain[ed] to be completed and there [were] pending motions to dismiss that should be decided by the transferee court because of its familiarity with the underlying issues"); *In re Ins. Brokerage Antitrust Litig.*, Case No. 04-5184 (GEB), 2009 WL 1874085, at *3 (D.N.J. June 30, 2009) (suggesting remand where "minimal discovery" remained). Indeed, in previously suggesting a case for remand, this Court ruled that "the fact that discovery

---

[1] The Court notes that the Plaintiffs do not suggest that Ford is refusing to produce common liability discovery. And the Court cannot see any reason why Ford would not produce the same common liability discovery that was produced earlier in the litigation.

and other pre-trial proceedings remain incomplete . . . does not preclude remand." *Tennessee Med. Ass'n*, 2014 WL 12837582, at *6 (collecting cases ruling same).

Next, looking to the discovery that remains, the Court finds that the bulk of this discovery is case specific for both the Plaintiffs and Ford. The Plaintiffs intend to seek discovery into Ford's affirmative defenses, which include issues of agency and privity between Ford and its authorized dealerships across more than 20 states. (D.E. 3724 at 5.) And because this discovery relates to specific purchases and leases between specific plaintiffs and specific dealerships in specific states, the Court agrees with Ford that this discovery is case specific.

As for Ford, it intends to seek discovery into each individual plaintiff's purchase or lease and into each specific vehicle purchased or leased. (D.E. 3622 at 4.) This is because the Plaintiffs filed group actions, which, unlike in class actions where certain plaintiffs bring claims in a representative capacity, each plaintiff in a group action is a real party in interest, and thus each plaintiff must prove their right to relief. As such, Ford's intended discovery is plaintiff specific and consequently case specific as well.

The Plaintiffs contend that Ford will "over and over" for each Plaintiff "request the same records to be produced, ask the same interrogatories and the same requests for admission," and thus argue that this Court is "*best* suited to oversee and standardize the scope of most of the discovery [Ford] would seek from each individual plaintiff." (D.E. 3724 at 6–7 (emphasis in original).) But to the extent discovery disputes arise from these anticipated "over and over" again requests, the fact that counsel for both sides have already proven their ability to meaningfully resolve issues without the need for court supervision just undermines the need for consolidated pretrial proceedings.

In short, discovery will be needed to determine, at minimum, when and where each plaintiff purchased or leased their vehicle, whether each plaintiff transacted with Ford or an authorized Ford dealer, and potentially whether each plaintiff relied on alleged misrepresentations when purchasing or leasing their vehicle. This discovery is case specific. It has no relation to the common liability discovery into Ford that was completed earlier in the MDL proceeding; it also has no relation to

the discovery currently ongoing into several other automotive manufacturers named in the consolidated class action complaints.

For these reasons, the Court finds that because remaining discovery is case specific, this factor also weighs in favor of remand. *See Tennessee Med. Ass'n*, 2014 WL 12837582, at *5; *see also In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d at 1177.

### B. <u>LEGAL CLAIMS</u>

The purpose of MDL proceedings is "to foster efficiency by having a single judge address and decide issues that will apply to all (or at least a significant number of) the transferred cases." *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 276 F.R.D. 336, 339 (W.D. Mo. 2011). But here, consolidating these group actions will not achieve this goal because nearly all the claims in each group action complaint are state specific. In these situations, remand is warranted because transferor courts are "familiar with the state law of their respective jurisdictions" and thus "are in a better position to assess" state claims. *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1199, 1201 (D. Minn. 2012) (suggesting remand for cases raising unfair competition and unjust enrichment claims under laws of multiple states) (quoting *In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 77–78 (D. Me. 2011) (suggesting for remand cases presenting "case-specific questions unique to the state law of the[] respective jurisdictions")).

Furthermore, this Court has rejected the argument that individual cases should remain in an MDL proceeding simply because the claims "have some degree of commonality." *See Tennessee Med. Ass'n*, 2014 WL 12837582, at *5 (quoting *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d at 1199 ("The fact that the plaintiffs' claims have some degree of commonality is not a sufficient reason to keep the Related Actions here.") (citing *In re Brand–Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1375–80 (J.P.M.L. 2003) (remanding seventeen actions that all alleged violation of Robinson–Patman Act))).

So, in addition to remaining discovery being case specific, there is also a dearth of common

legal issues because each group action asserts state specific claims. Accordingly, the Court finds that this factor also weighs in favor of remand.

## CONCLUSION

The Court agrees with the Plaintiffs that consolidated pretrial proceedings would convenience the parties and their counsel. But because the bulk of remaining discovery and the legal claims in each group action are case specific, and because common counsel involved in each group action have demonstrated their ability to cooperate and resolve disputes without court supervision, the Court finds that under a totality of the circumstances, the group actions will not "benefit from coordinated pretrial proceedings as part of this MDL." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197.

For all these reasons, it is

**ADJUDGED** that the Motion for Suggestion of Remand is **GRANTED**. The Court respectfully suggests to the Judicial Panel on Multidistrict Litigation that the above-named case be remanded to the United States District Court for the Western District of Oklahoma.

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of February 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record