IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MDL No. 2599
MASTER CASE NO. 1:15-md-02599-FAM
S.D. Fla. Case No. 14-cv-24009-MORENO

IN RE: TAKATA AIRBAG PRODUCTS
LIABILITY LITIGATION,

This Document Relates to:

ALL ECONOMIC LOSS ACTIONS
AGAINST VOLKSWAGEN GROUP OF
AMERICA, INC. AND AUDI OF AMERICA,
LLC

**ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

The Parties to the above-captioned economic loss class actions currently pending against Volkswagen Group of America, Inc. and Audi of America, LLC (collectively "Volkswagen")[1] as part of this multidistrict litigation have agreed to a proposed settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement"). The Parties reached the Settlement through arm's-length negotiations over several months. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Class would fully, finally, and forever resolve, discharge, and release their economic loss claims against the Released Parties in exchange for Volkswagen's total payment of $42,000,000 less a 20% credit for the Rental Car/Loaner Program, to create a common fund to benefit the Class,

---

[1] Plaintiffs' Amended Consolidated Class Action Complaint also named as defendants Volkswagen AG and Audi AG (collectively, the "German Entities"). In an Order dated June 20, 2019 (ECF No. 3406), this Court dismissed all claims against the German Entities for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The German Entities are therefore no longer parties to these Actions, but are among the persons and entities released from liability pursuant to this Order.

inclusive of all attorneys' fees and costs, service awards to Plaintiffs, and costs associated with providing notice to the Class, settlement administration, and all other costs associated with this Settlement, along with Volkswagen's agreement to implement a Customer Support Program and Rental Car/Loaner Program, as set forth in the Settlement.

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement with the Volkswagen Defendants, and for Preliminary Certification of the Class for settlement purposes only. Upon considering the Motion and exhibits, the Settlement, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Plaintiffs and Volkswagen; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be preliminarily certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives, and Settlement Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and should be preliminarily approved; (6) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; (7) the proposed Notice Program, proposed forms of notice, and proposed Registration/Claim Form satisfy Rule 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, Settlement Class Counsel's application for an award of attorneys' fees and expenses and/or request for service awards for Plaintiffs, their rights to opt-out of the Class and object to the Settlement no later than FEBRUARY 14, 2022, and

the process for submitting a Claim to request a payment from the Settlement Fund; (8) good cause exists to schedule and conduct a Fairness Hearing on MARCH 7, 2022, pursuant to Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Class, for settlement purposes only, and issue a Final Order and Final Judgment, and whether to grant Settlement Class Counsel's Fee Application. Following that Fairness Hearing the Court will find the facts specially and state its conclusions of law separately pursuant to Federal Rule of Civil Procedure 52(a)(1) and the specificity required by *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020).

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has personal jurisdiction over Plaintiffs and Volkswagen and subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

<u>Preliminary Class Certification for Settlement Purposes Only and Appointment of<br>Class Representatives and Settlement Class Counsel</u>

3. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks and citation omitted). In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.* at 671-72; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. Under Rule 23(e)(1)(B), this Court must direct notice in a reasonable manner

to all class members who would be bound by the proposed Settlement if giving notice is justified by the parties' showing that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposed Settlement. Under Rule 23(e)(2), a proposed Settlement may only be approved if the Court finds that it is fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

5. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> (1) all persons or entities who or which owned and/or leased, on the date of the issuance of the Preliminary Approval Order, Subject Vehicles distributed for sale or lease in the United States or any of its territories or possessions; and (2) all persons or entities who or which formerly owned and/or leased Subject Vehicles distributed for sale or lease in the United States or any of its territories or possessions, and who or which sold or returned, pursuant to a lease, the Subject Vehicles after February 9, 2016 and through the date of the issuance of the Preliminary Approval Order. Excluded from this Class are: (a) Volkswagen, its officers, directors, employees and outside counsel; its affiliates and affiliates' officers, directors and employees; its distributors and

>   distributors' officers and directors; and Volkswagen's Dealers and their officers, directors, and employees; (b) Settlement Class Counsel, Plaintiffs' counsel, and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case, any of the cases listed in Exhibit 1, or the 11th Circuit Court of Appeals; (d) Automotive Recyclers and their outside counsel and employees; and (e) persons or entities who or which timely and properly exclude themselves from the Class.

6. The "Subject Vehicles" are listed in Exhibit 9 to the Settlement, which is expressly incorporated in this Order.

7. Specifically, the Court finds, for settlement purposes, that the Class satisfies the following factors of Rule 23:

>   (a) Numerosity: In the Action, more than one million individuals, spread out across the country, are members of the proposed Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Transp.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

>   (b) Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks and citation omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied for settlement purposes because there are multiple questions of law and fact that center on Volkswagen's sale of Subject Vehicles equipped with allegedly defective driver's or front passenger Takata airbag modules, as alleged in the *Alters* Complaint, the *McBride* Complaint, the Consolidated Class Action Complaint, the Amended Consolidated Class Action Complaint, the Second Amended Consolidated Class Action Complaint, the Action or any amendments of the

Actions.

(c) Typicality: The Plaintiffs' claims are typical of the Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Class, and Plaintiffs have retained competent counsel to represent them and the Class. Settlement Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Settlement Class Counsel have vigorously and competently represented the Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for more than a million Class Members in a single, coordinated proceeding is superior to a million individual

6

lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a *direct impact* on every class member's effort to establish liability *that is more substantial than the impact of individualized issues* in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks and citation omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class Members in a single common judgment.

8. The Court appoints the following persons as class representatives: Dave DeKing, Chloe Crater, Efrain Ferrer, Christine Palmer, Bladimir Busto, Jr., Jacqueline Carrillo, Silvia Gil, Steven Levin, George O'Connor, Stephanie Puhalla, Charles Sakolsky, Delola Nelson-Reynolds, Holly Stotler, Malia Moore, Linda Dean, Trevor MacLeod, Pattie Byrd, Maureen Dowds, Annette Montanaro, Desiree Jones-Lassiter, Angela Cook, Angela Dickie, Antonia Dowling, Latecia J. Jackson, Nikki Norvell, Chloe Wallace, Michael Farriss, and April Rockstead Barker.

9. The Court appoints the following persons and entities as Settlement Class Counsel:

Peter Prieto
PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel: (305) 358-2800
Email: pprieto@podhurst.com
Lead Settlement Class Counsel

David Boies
BOIES SCHILLER & FLEXNER, LLP
55 Hudson Yards, 20th FloorNew York, NY 10001
Tel: (212) 446-2300
Email: dboies@bsfllp.com

Settlement Class Counsel

Todd A. Smith
SMITH LACIEN, LLP
70 West Madison Street, Suite 5770
Chicago, IL 60602
Tel: (312) 509-8900
Email: tsmith@smithlacien.com
Settlement Class Counsel

Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Blvd #1600
Encino, CA 91436
Tel: (818) 839-2333
Email: rtellis@baronbudd.com
Settlement Class Counsel

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Email: jcecchi@carellabyrne.com
Settlement Class Counsel

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Tel: (415) 956-1000
Email: ecabraser@lchb.com
Settlement Class Counsel

### Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 13.13 (5th ed. 2021). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2

(S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation* (Third) § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.")

11. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate under Rule 23. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Class, as set forth below and in the Settlement, and schedule a Fairness Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

## Approval of Notice and Notice Program and Direction to Effectuate the Notice and Outreach Programs

12. The Court approves the form and content of the notices to be provided to the Class, substantially in the forms appended as Exhibits 2, 6, and 8 to the Settlement Agreement. The Court further finds that the Notice Program, described in Section IV of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, class certification for settlement purposes only, the terms of the Settlement, their rights to opt-out of the Class and object to the Settlement, Settlement Class Counsel's Fee Application, and the request for service awards for

Plaintiffs. The notices and Notice Program constitute sufficient notice to all persons and entities entitled to notice. The notices and Notice Program satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process. The Court finds that the forms of notice are written in simple terminology, are readily understandable by Class Members and comply with the Federal Judicial Center's illustrative class action notices. The Court orders that the notices be disseminated to the Class as per the Notice Plan.

13. The Court directs that Patrick A. Juneau of Juneau David APLC act as the Settlement Special Administrator.

14. The Court directs that Epiq Systems, Inc. act as the Settlement Notice Administrator.

15. The Court directs that Citi Private Bank act as the Escrow Agent.

16. The Court directs that Jude Damasco of Miller Kaplan Arase LLP act as the Tax Administrator.

17. The Settlement Special Administrator and Settlement Notice Administrator shall implement the Notice Program, as set forth in the Settlement, using substantially the forms of notice appended as Exhibits 2, 6, and 8 to the Settlement Agreement and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Program, as specified in section IV of the Settlement and approved by this Order.

18. The Parties' Settlement includes an Outreach Program by which a Settlement Special Administrator will coordinate additional actions beyond what has been done before to notify vehicle owners about the Takata Airbag Inflator Recalls and to promptly remedy those issues. This Outreach Program—which shall be subject to approval by Volkswagen—includes, but is not limited to: (a) direct contact of Class Members via U.S. mail, landline and cellular

telephone calls, social media, email, texting and canvassing; (b) contact of Class Members by third parties (e.g., independent repair shops); and (c) multi-media campaigns, such as through print, television, radio, and internet. Because of the important public safety concerns involved with such a massive recall effort, the Court finds that it is in the public interest and that of the federal government to begin this Outreach Program as soon as practicable after this Preliminary Approval Order is entered, and that calls and texts made under the Outreach Program are being made for emergency purposes as that phrase is used in 47 U.S.C. § 227(b)(1)(A). The Settlement Special Administrator and those working on his behalf shall serve as agents of the federal government for these purposes and shall be entitled to any rights and privileges afforded to government agents or contractors in carrying out their duties in this regard.

## Escrow Account/Qualified Settlement Fund

19. The Court finds that the Escrow Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Escrow Account are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Funds and controlled by an Escrow Agreement.

20. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Volkswagen may elect to treat the Escrow Account as

coming into existence as a "qualified settlement fund" on the latter of the date the Escrow Account meets the requirements of Paragraphs 19(b) and 19(c) of this Order, or January 1 of the calendar year in which all of the requirements of Paragraph 19 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Escrow Account on that date.

## Fairness Hearing, Opt-Outs, and Objections

21.     The Court directs that a Fairness Hearing shall be scheduled for MARCH 7, 2022 at 10:00 a.m., to assist the Court in determining whether to grant Final Approval to the Settlement, certify the Class, and enter the Final Order and Final Judgment, and whether Settlement Class Counsel's Fee Application and request for service awards for Plaintiffs should be granted.

22.     Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, he may not assert an objection to the Settlement Agreement. The Settlement Notice Administrator shall provide copies of any requests for exclusion to Settlement Class Counsel and Volkswagen's Counsel as provided in the Settlement Agreement.

23.     The Court directs that any person or entity within the Class definition who wishes to be excluded from the Class may exercise his right to opt out of the Class by following the opt-out procedures set forth in the Long Form Notice at any time during the opt-out period. To be valid and timely, opt-out requests must be postmarked by FEBRUARY 14, 2022, must be mailed to Auto Airbag Settlement, Settlement Notice Administrator, P.O. Box 5650, Portland, Oregon, 97208-5650 and must include:

    (i)  the full name, telephone number and address of the person or entity

seeking to be excluded from the Class;

(ii) a statement affirming that such person or entity is a member of the Class and providing the Model, Model Year, and Vehicle Identification Number (VIN) of the person's or entity's Subject Vehicle(s);

(iii) an explicit and unambiguous statement that such person or entity wishes to be excluded from the Volkswagen Settlement in *In re Takata Airbag Products Liability Litigation*, 15-md-02599-FAM, and

(iv) the signature of the person or entity seeking to be excluded from the Class (if the person or entity seeking to be excluded from the Class is represented by counsel, it must also be signed by such counsel).

24. The Opt-Out Deadline shall be specified in the Direct Mailed Notice, Publication Notice, and Long Form Notice. All persons and entities within the Class definition who do not timely and validly opt out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section VII of the Settlement.

25. The Court further directs that any person or entity in the Class who does not opt out of the Class may object to the Settlement, Settlement Class Counsel's Fee Application. Any objections must be mailed to the Clerk of the Court, Lead Settlement Class Counsel, and counsel for Volkswagen, at the following addresses:

(a) Clerk of the Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

(b) Lead Settlement Class Counsel
Peter Prieto
PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

(c) Counsel for Volkswagen

>Robert J. Giuffra Jr.
>SULLIVAN & CROMWELL LLP
>125 Broad Street
>New York, NY 10004

26. For an objection to be considered by the Court, the objection must be postmarked or sent via overnight delivery no later than FEBRUARY 14, 2022, must be addressed to the addresses listed in the preceding paragraph and in the Long Form Notice, and must include the following:

(i) the case name, *In re Takata Airbag Products Liability Litigation*, 15-md-02599-FAM, and an indication that the objection is to the Volkswagen Settlement;

(ii) the objector's full name, actual residential address, email address, and telephone number;

(iii) an explanation of the basis upon which the objector claims to be a Class Member, including the VIN of the objector's Subject Vehicle(s);

(iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel and any documents supporting the objection;

(v) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(vi) the full name, telephone number, and address, including email address, of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

 (vii) the number of times the objector's counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

 (viii) any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity;

 (ix) whether the objector intends to appear at the Fairness Hearing on his own behalf or through counsel;

 (x) the identity of all counsel representing the objector who will appear at the Fairness Hearing;

 (xi) a list of all persons who may be called to testify at the Fairness Hearing in support of the objection; and

 (xii) the objector's dated, handwritten signature (an electronic signature or the objector's counsel's signature is not sufficient).

27. Any objection that fails to satisfy these requirements and any other requirements found in the Long Form Notice shall not be considered by the Court.

### Further Papers in Support of Settlement and Fee Application

28. Plaintiffs shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Settlement Class Counsel shall file their request for attorneys' fees, costs and expenses ("Fee Application") by JANUARY 21, 2022. If Volkswagen chooses to file a memorandum of law in support of final approval of the Settlement, it also must do so no later than JANUARY 21, 2022.

29. Plaintiffs and Settlement Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later

than February 28, 2022. If Volkswagen chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than FEBRUARY 28, 2022. Counsel for plaintiffs, defendants, and objectors are noticed to file proposed findings of fact and separate conclusions of law in order to assist the Court in specifically ruling on any objections or determining any fact at issue or concluding on any matter of law.

Effect of Failure to Approve the Settlement or Termination

30. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii) All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Volkswagen's right to oppose class certification;

(iii) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Volkswagen or Plaintiffs on any point of fact or law;

(iv) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence;

(v) Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, nor any objections or interventions may be used as evidence;

      (vi)    The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified; and

      (vii)    The terms in Section X.D of the Settlement Agreement shall apply and survive.

### Stay/Bar of Other Proceedings

31.    Pending the Fairness Hearing on MARCH 7, 2022, and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (even those Class Members who validly and timely elect to be excluded from the Class, with the validity of the opt out request to be determined by the Court only at the Fairness Hearing), shall commence, continue or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. UPON FINAL APPROVAL OF THE SETTLEMENT, ALL CLASS MEMBERS WHO DO NOT TIMELY AND VALIDLY EXCLUDE THEMSELVES FROM THE CLASS SHALL BE FOREVER ENJOINED AND BARRED FROM ASSERTING ANY OF THE MATTERS, CLAIMS OR CAUSES OF ACTION RELEASED PURSUANT TO THE AGREEMENT AGAINST ANY OF THE RELEASED PARTIES, AND ANY SUCH CLASS MEMBER SHALL BE DEEMED TO HAVE FOREVER RELEASED ANY AND ALL SUCH MATTERS, CLAIMS, AND CAUSES OF ACTION AGAINST ANY OF THE RELEASED PARTIES AS PROVIDED FOR IN THE AGREEMENT.

### General Provisions

32.    The Court reserves the right to approve the Settlement with or without modification,

provided that any modification does not limit the rights of the Class under the Settlement, and with or without further notice to the Class and may continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

33. Settlement Class Counsel and Volkswagen's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

34. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement.

35. Any information received by the Settlement Notice Administrator, the Settlement Special Administrator, or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, Volkswagen, Volkswagen's Counsel, the Court and as otherwise provided in the Settlement Agreement.

36. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

37. Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

    (I)    Notice shall be provided in accordance with the Notice Program and this Order—that is, beginning NOVEMBER 9, 2021;

    (ii)    Plaintiffs shall file their Motion for Final Approval of the Settlement and

      Incorporated Memorandum of Law, and Settlement Class Counsel shall file their Fee Application, no later than JANUARY 21, 2022;

(iii) If Volkswagen chooses to file a memorandum of law in support of final approval of the Settlement, it also must do so no later than JANUARY 21, 2022.

(iv) Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Settlement Class Counsel's Fee Application and/or the request for service awards no later than FEBRUARY 14, 2022;

(v) Class Members must file requests for exclusion from the Settlement no later than FEBRUARY 14, 2022;

(vi) The Settlement Notice Administrator must file with the Court, no later than FEBRUARY 21, 2022, (a) a list of those persons or entities who or which have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, method and results of the notice program;

(vii) Plaintiffs and Settlement Class Counsel shall file their responses to timely filed objections to the Settlement and Fee Application no later than FEBRUARY 28, 2022;

(viii) If Volkswagen chooses to file a response to timely filed objections to the Settlement, it shall do so no later than FEBRUARY 28, 2022; and

(ix) The Fairness Hearing will be held on MARCH 7, 2022 at 10:00 a.m., at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 12-2, 400 North Miami Avenue, Miami, Florida 33128. At that hearing the Court will consider evidence and argument for the Court to decide whether to sustain any objections filed or approve the settlement. The Court will also find the facts on which it approves the settlement and state separately the conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(1). As the Eleventh Circuit has held, the Court in approving a class action settlement must provide a reasonably specific explanation for all aspects of its determination. The specific explanations also apply to any decision on attorney's fees. *See Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida this /0 day of November 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record