UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 2599
Master File No.: 15-MD-02599-MORENO
S.D. Fla. Case No. 1:14-cv-24009-MORENO

| IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION |
|---|
| THIS DOCUMENT RELATES TO: <br> ECONOMIC LOSS TRACK |

## ORDER SETTING STATUS HEARING

THIS CAUSE came before the Court upon a *sua sponte* review of the record. It is **ADJUDGED** that a status hearing shall take place before the undersigned United States District Judge Federico A. Moreno at the Wilkie D. Ferguson Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 12-2, Miami, Florida 33128, on **Friday, October 21, 2022 at 9:15 AM**. Counsel shall be prepared to discuss the following:

1. The Parties' Motions in Limine filed on October 4, 2022[1];

2. Plaintiffs' references to loss-of-use expenses as mentioned in section II. G. on page 30 of Plaintiffs' Response (D.E. 4249) and in section III. E. on page 33 of Plaintiffs' Response (D.E. 4248). Specifically, the Court wants the record evidence in support of Plaintiffs' position;

3. Whether Plaintiffs are seeking damages for out-of-pocket expenses and, if so, what evidence in the record supports Plaintiffs' entitlement to such damages;

4. The impact of the Court's possible reconsideration of the Court's Order allowing

---

[1] The Court recognizes that the Parties' have not had an opportunity to respond to these motions, but the Court will benefit from the status hearing being held prior to the responses.

testimony from Dr. Jean-Pierre Dubé;

5. Since the United States Supreme Court under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) compels the Court to transfer cases in this Multidistrict Litigation back to their original jurisdictions, then is it not more efficient to transfer these cases back to those courts to rule on some of the motions, including Defendants' Motions for Summary Judgment and Plaintiffs' Motions for Class Certification that deal with laws within those jurisdictions?

6. Defendants' motions to exclude expert Robert Renz's state of mind opinions appear to be sufficiently valid as to require Plaintiffs to convince the Court of the admissibility of this evidence;

7. The Court has already admitted evidence from defense experts George Person, Mark Warner, Dr. Denise Martin, and Dr. Lorin Hitt. In view of that, Defendants should be prepared to argue why Plaintiffs should be prevented from relying on their own experts James Baglini, Robert Renz, and Dr. Jimmie Oxley to either rebut Defendants' experts and/or prove their case as affirmative experts. Additionally, both Parties shall list the names of each expert witness being offered by the Parties (regardless of whether the Court has already ruled on their admissibility or not), a one-paragraph summary of each expert's expected testimony, and whether that testimony is being objected to by opposing counsel.

All of these filings shall be done no later than **Wednesday, October 19, 2022 at 12:00 PM.**

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of October 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record